IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Christopher Alipui,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **1:14cv103 (GBL/JFA)** |
| ) | |
| **Brian Byerson, et al.,** ) | |
| **Defendants.** ) | |

MEMORANDUM OPINION

This Matter comes before the Court upon a review of defendant Brian Byerson's First Motion to Dismiss for Failure to State a Claim, filed pursuant to Fed. R. Civ. P. 12(c). Christopher Alipui, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he is entitled to damages for an illegal search and seizure by members of the Fairfax County Police Department. Plaintiff has named Byerson and four unnamed Fairfax County police officers as defendants. Defendant Byerson was served with process on December 15, 2014, and has filed an answer to the complaint and a Motion to Dismiss, accompanied by a supporting memorandum. Dkt. 40, 41, 42. Defendant also filed the Notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has filed a response to defendant's Motion, and defendant has filed a reply to plaintiff's response. Dkt. 48, 49. Plaintiff has also filed an "Ex Parte Motion for Continuance to Obtain Counsel or be Appointed One by the Court." Dkt. 51. For the reasons that follow, defendant's Motion to Dismiss will be granted, and plaintiff's Motion will be denied, as moot. As the reasons below apply to plaintiff's claims against defendant Byerson as well as the unnamed police officers, the remaining defendants will not be served with process, and the case will be dismissed in its entirety.

## I. Background

Plaintiff's complaint arises out of his January 18, 2012 arrest. On that day, plaintiff received a call from his friend Brianna, whom he had sold airline tickets to in the past, and asked him to sell tickets to her friend. Compl. ¶ 10. At approximately 9:30 p.m., plaintiff visited Brianna and her friend in their hotel room in Alexandria, and discussed the airline purchase with Brianna's friend. Id. Plaintiff then heard a knock at the door. Brianna opened the door, and three Fairfax county police officers, including defendant Byerson, entered the room. Id. ¶ 11. The officers told Brianna that they had received a call about someone smoking marijuana in the hotel room, and gained consent to search the room. Id.; Def.'s Answer ¶ 11.

The officers asked plaintiff for identification and asked plaintiff why he was present in the room with the two women. Compl. ¶ 12. When plaintiff explained that he was selling an airline ticket, the defendants requested proof of this fact. Id. ¶ 13. The officers then asked to search plaintiff's phone, but he refused to consent to such a search. The officers then searched plaintiff's person and seized his two cell phones, bank card, gift cards, and car keys. Id. The officers then searched plaintiff's car and seized additional electronic devices. Id. ¶ 14. Plaintiff was arrested and brought to the Fairfax County Police station. Id. ¶¶ 14-15.[1]

On January 19, 2012, plaintiff was charged with five counts of credit card theft, pursuant to Virginia Code § 18.2-192, as well as one count of unauthorized possession of two or more credit cards, pursuant to Virginia Code § 18.2-194. Def.'s Answer ¶ 17; Ex. 1. Plaintiff was held without bond on these charges until March 14, 2012, when the charges were nolle prossed by the Commonwealth's Attorney. Compl. ¶ 18. Plaintiff's case was then transferred to this Court, where he was indicted for five counts of bank fraud, pursuant to 18 U.S.C. § 1344; three counts of

---

[1] Plaintiff says that the officers threatened him with pepper spray and a taser if he refused to be taken to the station.

2

aggravated identity theft, pursuant to 18 U.S.C. § 1028A; one count of passport fraud, pursuant to 18 U.S.C. § 1542; and three counts of unlawful use of a social security number, pursuant to 18 U.S.C. § 408(a)(8). Def.'s Answer ¶ 18; Ex. 2-3. On January 22, 2013, plaintiff plead guilty in this Court to one count of bank fraud and one count of aggravated identity theft. Def.'s Answer, Ex. 4.

Plaintiff filed this action on January 8, 2014, alleging that the defendants violated his Fourth Amendment rights during the events of January 18, 2012. He also alleged that the defendants engaged in a conspiracy to violate his Fourth Amendment rights.

## II. Standard of Review

Defendant's Motion is filed pursuant to Fed. R. Civ. P. 12(c), which permits a party to move for judgment on the pleadings. When analyzing a Rule 12(c) motion, courts apply the same standard as applied to a Motion to Dismiss under Rule 12(b)(6). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Under this standard, a court must presume that all factual allegations in the complaint are true, and must draw all reasonable inferences in the plaintiff's favor. See, e.g., Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Therefore, a court may not dismiss a complaint if the plaintiff pleads any plausible set of facts that would entitle him to relief. See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A claim has plausibility if the plaintiff alleges sufficient facts by which a court could reasonably infer the defendant's liability. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)). To meet this standard, however, the plaintiff must do more than simply allege "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Id. (citing Twombly, 550 U.S. at 555)). Thus, the plaintiff must allege facts that show more than a "mere possibility of misconduct" by the

defendant. Id. at 679.

While pro se prisoners must meet the plausibility standard to withstand a Rule 12(b)(6) motion, courts must also hold complaints filed by prisoners "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Liberal construction of a pro se prisoner's complaint is particularly appropriate when a prisoner brings a lawsuit under § 1983 challenging the denial of his civil rights. See Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Analysis

#### A. Plaintiff's Constitutional Claims are Foreclosed by *Heck v. Humphrey*

Plaintiff fails to state a claim on which relief can be granted because the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994) prevents this Court from considering the merits of his constitutional claims. Under Heck, a plaintiff cannot bring a § 1983 action based on an allegedly unconstitutional conviction and imprisonment if relief in the action would necessarily call into question the validity of the underlying conviction. Id. at 486. The Heck doctrine "precludes a prisoner from a collateral attack that may result in two inconsistent results – for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment." Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). Therefore, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87.

Plaintiff's § 1983 action arises directly out of the legality of his arrest and subsequent

4

interrogation. This search, arrest, and interrogation led directly to his indictment in Virginia circuit court and eventual guilty plea in this Court. In Heck, the Court recognized that a § 1983 action based on an allegedly unreasonable search "may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 512 U.S. at 487 n.7 (emphasis in original) (internal citations omitted). Here, however, plaintiff has not provided any indication that he would have been convicted absent the challenged search, arrest, and interrogation.[2] As the Fourth Circuit explained in a case involving a challenge to a search for and seizure of cocaine leading directly to a conviction for drug trafficking:

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of Heck would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983. It is only when the suppression of the evidence required by the logical application of the § 1983 action would not necessarily invalidate the underlying conviction that the § 1983 case can proceed.
>
> In this case, the suppression of the evidence seized pursuant to the challenged search . . . would necessarily imply invalidity of the criminal conviction because the doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save the criminal conviction. The cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict Ballenger for drug trafficking.

Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003) (emphasis in original) (citing Heck, 512

---

[2] In addition, the Court also held that, to recover compensatory damages for an allegedly unreasonable search, a plaintiff "must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Heck, 512 U.S. at 487 n.7 (citing Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 (1986) (emphasis in original). Plaintiff cannot meet this standard.

5

U.S. at 487 n.7). Similarly, the evidence seized in this case was "uniquely available" from the challenged search. Thus, were this Court to determine the validity of the defendants' actions under the Fourth, Fifth, and Sixth Amendment, it would directly implicate the validity of plaintiff's underlying conviction.³ Such a determination is not cognizable under § 1983.

To be cognizable under § 1983, plaintiff must show that his conviction has been reversed, expunged, or declared invalid. Plaintiff cannot make this showing. Although plaintiff correctly states that his original charges were dismissed on March 14, 2012, he incorrectly states that the dismissal was with prejudice. See Compl. ¶ 18. The Commonwealth's Attorney dismissed the charges in order to transfer them to this Court, where plaintiff plead guilty on January 22, 2013. Plaintiff's conviction has not been overturned or otherwise called into question, and he remains incarcerated for this conviction. Therefore, his claims are not cognizable in a § 1983 action, and this Court cannot consider the merits of his constitutional claims.

### B. Plaintiff Has Failed to State a Claim for Conspiracy

Plaintiff has also alleged that the defendants engaged in a conspiracy to violate his Fourth Amendment rights. Defendant construed these allegations as arising under 42 U.S.C. § 1985, which allows plaintiffs to recover monetary damages against defendants who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1983(3). See Defendant Brian Byerson's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") [Dkt. 42], at 8-9. Plaintiff states, however, that his claim was not based in

---

³ To the extent that plaintiff attempts to state a free-standing violation of his Miranda rights, unconnected from any impact this violation had on his criminal conviction, he has also failed to state a claim. A Miranda violation is not a cognizable § 1983 claim, as the only remedy for a Miranda violation is the exclusion of the coerced statement at trial. See Chavez v. Martinez, 538 U.S. 760, 772 (2003).

§ 1985 liability, but in a "[s]ection 1983 general conspiracy theory." Plaintiff's Response to Defendant Brian Byerson's Motion to Dismiss ("Pl.'s Resp.") [Dkt. 48], at 6. As the allegations must be construed in the light most favorable to plaintiff, the Court construes his allegations as stating a general conspiracy under § 1983. Under this standard, however, plaintiff has failed to state a claim.

It is well settled in this circuit that litigants "have a weighty burden to establish a civil rights conspiracy." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). To state a plausible claim for conspiracy under § 1983, plaintiff "must present evidence that the [defendants] acted jointly and in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right . . . ." Id. (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992). Therefore, the plaintiff must provide some evidence of a "meeting of the minds." The plaintiff does not need to provide direct proof of such an agreement, but "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421 (internal citations omitted); see also Brown v. Angelone, 938 F. Supp. 340, 346 (W.D. Va. 1996) ("The plaintiff must allege facts which so that the defendants shared 'a unity of purpose or common design' to injure plaintiff.") (internal citations omitted). Accordingly, if a plaintiff relies only on conclusory allegations that an agreement exists, the complaint fails to state a claim under Rule 12(b)(6), and must be dismissed. Gooden v. Howard Cnty., 954 F.2d 960, 970 (4th Cir. 1992); Brown, 938 F. Supp. at 346.

Even assuming that plaintiff could show that the defendants committed overt acts which violated his constitutional rights, he cannot state a claim for conspiracy, as he has not alleged any facts showing an agreement between the defendants to violate his civil rights. He states only that

7

the defendants "knowingly, intentionally, and willfully conspired and agreed with each other on a single plan and a single objective," and "agreed on the plan to search, seize, interrogate, arrest, threaten, harass, intimidate, and charge plaintiff without consent, without probable cause, without a search warrant, and without arrest warrant . . . ." Compl. ¶ 24. He has not alleged any facts to support his allegations, however. Such conclusory statements are not sufficient to draw the reasonable inference that the defendants had any agreement to violate plaintiff's civil rights. See Hinkle, 81 F.3d at 422 (holding that a plaintiff offering only evidence of the "act itself" failed to establish that the defendants possessed the requisite conspiratorial intent); Cooper v. Lippa, No. 3:11-cv-712, 2012 WL 1410077, at *6 (E.D. Va. Apr. 23, 20122) (finding that allegations of malicious prosecution, without any supporting facts, failed to state a claim). He has therefore failed to state a claim for conspiracy.

### IV.

For the above-stated reasons, defendant's Motion to Dismiss will be granted. An appropriate judgment and Order shall issue.

Entered this _2nd_ day of _June_ 2015.

Alexandria, Virginia

Claude M. Hilton
USDJ